IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

        Plaintiff,                                No. CIV S-09-0286 MCE DAD P

    vs.

J. BICK, et al.,                               FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee. This proceeding was referred to the undersigned magistrate judge by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

/////

28 U.S.C. § 1915(g). "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g). O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Here, plaintiff suffered his first strike for purposes of § 1915(g) on April 3, 2000, when the district court dismissed Stringham v. Cal. Dep't of Corrs., No. CIV S-99-1915 WBS JFM P (E.D. Cal.) for failure to state a claim. Plaintiff suffered his second strike on February 4, 2005, when the district court dismissed, on the undersigned's recommendation, Stringham v. Davis, No. CIV S-04-0446 FCD DAD P (E.D. Cal.) for failure to state a claim. Finally, plaintiff suffered his third strike on February 5, 2006, when the district court adopted the undersigned's recommendation and dismissed Stringham v. Hubbard, No. CIV S-05-0898 GEB DAD P (E.D. Cal.) for failure to state a cognizable claim.

Plaintiff commenced this action on January 30, 2009, by filing a civil rights complaint together with an application to proceed in forma pauperis. As noted above, however, court records reflect that plaintiff filed this action after having brought three or more prior federal cases that were dismissed on the grounds specified in 28 U.S.C. § 1915(g). Accordingly, the undersigned will recommend that plaintiff's application to proceed in forma pauperis be denied and that this action be dismissed without prejudice to the filing of a fee-paid action.

There is an exception to the three-strike bar of § 1915(g) which allows a prisoner to use IFP status to bring a civil action despite three prior dismissals where the prisoner is under

2

imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.")   However, in the 35-page complaint with 150 pages of attachments now before this court, plaintiff alleges that the defendants failed to provide him adequate medical care from December of 2004 to March of 2007 in violation of the Eighth Amendment and the Americans with Disabilities Act. (Compl. at 3, 38.)  He seeks primarily monetary damages from the defendants to compensate him for his past pain and suffering. (Compl. at 38-41.)  Plaintiff has not alleged that he continued to be "under imminent danger of serious physical injury" when he filed this action.   Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 30, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice to the filing of a new action accompanied by full payment of the required filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Any document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stri0286.fee