IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

    Plaintiff,                        No. CIV S-09-0286 MCE DAD P

    vs.

J. BICK, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee.[1] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1] The court previously issued findings and recommendations, recommending dismissal of this action without prejudice to the filing of a new action accompanied by full payment of the required filing fee. See 28 U.S.C. § 1915(g). Plaintiff timely filed objections and paid the $350.00 filing fee. Good cause appearing, the court will vacate its findings and recommendations and allow the case to proceed in accordance with this order.

1

1 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
2 granted, or that seek monetary relief from a defendant who is immune from such relief. See 28
3 U.S.C. § 1915A(b)(1) & (2).
4   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
6 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
7 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
8 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
9 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989); Franklin, 745 F.2d at 1227.
11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
12 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
14 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
15 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must
16 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
17 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
18 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
21 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
22   The Civil Rights Act under which this action was filed provides as follows:
23
>   Every person who, under color of [state law] . . . subjects, or causes
>   to be subjected, any citizen of the United States . . . to the
24
>   deprivation of any rights, privileges, or immunities secured by the
>   Constitution . . . shall be liable to the party injured in an action at
25
>   law, suit in equity, or other proper proceeding for redress.

26 /////

1  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
2  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
3  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
4  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
6  omits to perform an act which he is legally required to do that causes the deprivation of which
7  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8  Moreover, supervisory personnel are generally not liable under § 1983 for the
9  actions of their employees under a theory of respondeat superior and, therefore, when a named
10 defendant holds a supervisorial position, the causal link between him and the claimed
11 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
12 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
13 allegations concerning the involvement of official personnel in civil rights violations are not
14 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

16 In the present case, plaintiff has identified as defendants J. Bick, the California
17 Department of Corrections and Rehabilitation, California Medical Facility, J. Elias, R. Perez, D.
18 Jones, J. Pearson, T. Donahue, J. Thomas, R. Andreason, N. Grannis, M. Cry, N. Khoury, S.
19 Murray, S. Moreno, and T. Schwartz.  In his complaint, plaintiff alleges that the defendants
20 moved him from cell housing to dormitory housing.  According to plaintiff, dormitory housing
21 exposes him to extremely bright light causing him headaches and does not allow him to easily
22 operate his wheelchair placing him at increased risk for falling and incurring injuries.  Plaintiff
23 claims that the defendants' decision to change his housing constitutes deliberate indifference and
24 violates his rights under the Eighth Amendment and the Americans with Disabilities Act.  In
25 terms of relief, plaintiff requests injunctive relief and monetary damages.  (Compl. at 1-30.)
26 /////

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In any amended complaint he elects to file, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, if plaintiff elects to pursue this action by filing an amended complaint, he is advised of the following legal standards that appear to govern his claims. First, as to plaintiff's Eighth Amendment claim, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that

before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In any amended complaint, plaintiff must allege facts demonstrating how defendants' actions rose to the level of "deliberate indifference." In his original complaint, plaintiff alleges that he disagrees with defendants' decision to move him from cell housing to dormitory housing. However, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff is also cautioned that, insofar as he may be attempting to proceed against any of the defendants based on their involvement in the inmate appeals process, he fails to state a cognizable constitutional claim. For example, plaintiff has listed N. Grannis, Chief of the Inmate Appeals Branch, as a defendant because she denied his inmate appeal regarding his housing change at the director's level of review. However, it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

As to plaintiff's Americans with Disabilities Act claim, plaintiff is advised that under Title II plaintiff must allege four elements: "(1) he is an individual with a disability; (2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

5

Finally, plaintiff is advised that the California Department of Corrections and Rehabilitation and California Medical Facility are not proper defendants in this action. As the Ninth Circuit has explained:

> In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.

Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (internal citations and quotations omitted). Accordingly, plaintiff should not name the California Department of Corrections and Rehabilitation or California Medical Facility as defendants in his amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The court's February 24, 2009, findings and recommendations (Doc. No. 7) are vacated;

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
2  amended complaint in accordance with this order will result in a recommendation that this action
3  be dismissed without prejudice.

4      4. The Clerk of the Court is directed to send plaintiff the court's form for filing a
5  civil rights action.

6  DATED: February 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stri0286.14

7