1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GUY T. STRINGHAM,

11              Plaintiff,                    No. CIV S-09-0286 MCE DAD P

12        vs.

13   J. BICK, et al.,                         ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee in full.  This matter is before the

18   court on a motion to declare plaintiff a vexatious litigant brought on behalf of defendants

19   Andreason, Bick, Khoury, and Thomas.  Plaintiff has filed an opposition to the motion and

20   defendants have filed a reply.

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

1

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Bick, Donahue, Andreason, Khoury, Thomas, and Moreno.[1]  Therein, he alleges that the defendants have violated his rights under the Eighth Amendment and the Americans with Disabilities Act in connection with his transfer from a cell with tinted windows on the first floor of his institution of incarceration to a dorm on the third floor of that institution without tinted windows.  According to plaintiff, he is not able to tolerate light for prolonged periods, he suffers from a bowel and bladder condition requiring immediate access to a toilet at all times, and he is mobility impaired.  In terms of relief, plaintiff requests monetary damages.  (Am. Compl. at 1-22.)

**DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

I. Defendants' Motion

Defense counsel argues that plaintiff is a vexatious litigant and is not likely to succeed on the merits of this case, so the court should require him to post security before allowing him to proceed with this action.  Specifically, counsel argues that plaintiff has commenced, prosecuted, or maintained more than five unsuccessful lawsuits in the past seven years and has wasted the time and resources of the federal courts.  Counsel lists seven causes of action that plaintiff has unsuccessfully pursued.[2]  Defense counsel also argues that, based on plaintiff's conclusory allegations and the exhibits attached to his amended complaint, he is unlikely to prevail in this lawsuit because his claims fail on the merits and are likely time-barred.

---

[1]  At screening, the court also found that plaintiff's amended complaint appeared to state cognizable claims against defendant Murray.  However, defendant Murray is deceased.  Accordingly plaintiff has been attempting to obtain information on the executor of defendant Murray's estate for purposes of service.

[2]  Defendants request judicial notice be taken of the seven causes of action previously pursued by plaintiff.  Judicial notice of adjudicative facts is appropriate with respect to matters that are beyond reasonable dispute in that they are either generally known or capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201 and advisory committee notes.  Here, the court will grant defendants' request for judicial notice.

1    Finally, defense counsel argues that the court should require plaintiff to post security in an

2    amount not less than $2,550.00, and if he fails to do so the court should dismiss this action.

3    (Defs.' Mot. to Declare Pl. a Vexatious Litigant at 4-11.)

4    II.  Plaintiff's Opposition

5                    In opposition to defendants' motion, plaintiff argues that his litigation history is

6    not of a "frivolous or harassing nature."  Being a constant litigator without more, plaintiff

7    contends, is not proof that he has abused the judicial system.  Rather, plaintiff argues that such

8    actions merely proves he is active in seeking redress of his grievances in federal court.  In

9    addition, plaintiff argues that he is likely to prevail on the merits of this action because he did not

10   diagnose himself but received his diagnoses from his attending physicians.  According to

11   plaintiff, defendants placed themselves between his proper and effective treatment and the

12   administrative needs of California Medical Facility ("CMF").  Moreover, plaintiff notes that

13   when he first pursued this claim by filing a civil action, the court dismissed it without prejudice

14   due to his failure to exhaust administrative remedies.  Since that dismissal, plaintiff contends, he

15   has been exhausting his claims.  In this regard, plaintiff contends that he should not be deemed in

16   violation of the applicable statute of limitations.  Finally, plaintiff argues that the court should

17   not order him to post security because that would effectively result in dismissal of this action

18   because he cannot afford to pay such an amount at this time.  (Pl.'s Opp'n to Defs.' Mot. to

19   Declare Pl. a Vexatious Litigant at 1-18.)

20   III.  Defendants' Reply

21                   In reply, defense counsel argues that it is undisputed that plaintiff has maintained

22   more than five unsuccessful lawsuits within the last seven years.  Counsel also reiterates that

23   plaintiff is not likely to succeed on his claims against any of the defendants, and his claims are

24   time-barred.  Finally, counsel notes that there is precedent in this district for finding that a

25   prisoner is a vexatious litigant and requiring him to post security or face dismissal of his action.

26   (Defs.' Reply at 2-8.)

1

**ANALYSIS**

2

I.  <u>Vexatious Litigants & Posting Security</u>

3

Rule 151 of the Local Rules of Court for the Eastern District of California

4

provides:

5
6
7
8

> On its own motion or on motion of a party, the Court may at any
> time order a party to give a security, bond, or undertaking in such
> amount as the Court may determine to be appropriate.  The
> provisions of Title 3A, part 2, of the California Code of Civil
> Procedure, relating to vexatious litigants, are hereby adopted as a
> procedural Rule of this Court on the basis of which the Court may
> order the giving of a security, bond, or undertaking, although the
> power of the Court shall not be limited thereby.

9
10

In turn, Section 391(b) of the California Code of Civil Procedure provides:

11

> (b) "Vexatious litigant" means a person who does any of the
> following:

12
13
14

> (1) In the immediately preceding seven-year period has
> commenced, prosecuted, or maintained in propria persona at least
> five litigations other than in a small claims court that have been (i)
> finally determined adversely to the person or (ii) unjustifiably
> permitted to remain pending at least two years without having been
> brought to trial or hearing.

15
16
17
18
19

> (2) After a litigation has been finally determined against the
> person, repeatedly relitigates or attempts to relitigate, in propria
> persona, either (i) the validity of the determination against the same
> defendant or defendants as to whom the litigation was finally
> determined or (ii) the cause of action, claim, controversy, or any of
> the issues of fact or law, determined or concluded by the final
> determination against the same defendant or defendants as to
> whom the litigation was finally determined.

20
21
22

> (3) In any litigation while acting propria persona, repeatedly files
> unmeritorious motions, pleadings, or other papers, conducts
> unnecessary discovery, or engages in other tactics that are frivolous
> or solely intended to cause unnecessary delay.

23
24

> (4) Has previously been declared to be a vexatious litigant by any
> state or federal court of record in any action or proceeding based
> upon the same or substantially similar facts, transaction, or
> occurrence.

25

/////

26

/////

4

Finally, Section 391.1 of the California Code of Civil Procedure provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

II.  Discussion

The Ninth Circuit has counseled caution in declaring plaintiffs vexatious litigants. That court has explained that "orders restricting a persons's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990).  Strictly speaking, plaintiff has brought more than five unsuccessful lawsuits in the past seven years.  However, based on defendants' motion, this court cannot say that plaintiff's filings have been so "numerous or abusive" or "inordinate" to warrant a vexatious litigant order. Id. at 1147-48 (examples of "numerous or abusive" filings include plaintiffs who have filed 35 related complaints, more than 50 frivolous cases, or more than 600 complaints).  Nor can this court say that plaintiff's litigation activity reflects a "pattern of harassment." Id. at 1140.[3]

Moreover, based on defendants' motion, it is not at all clear that plaintiff has no reasonable probability of succeeding on the merits of this case.  In fact, in screening plaintiff's amended complaint, the court determined that it appeared to state cognizable claims for relief pursuant to 42 U.S.C. § 1983.  In that screening order the court also noted that if plaintiff proved the allegations in his amended complaint, he had a reasonable opportunity to prevail on the

---

[3]  Because this is a fee paid action, 28 U.S.C. § 1915(g) (barring a prisoner bringing a civil action to proceed in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury") does not apply.  It is this rule that was specifically intended to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

1    merits of this action.  See Screening Order, Apr. 26, 2010 (Doc. No. 11).  See also Hollis v.

2    Dezember, No. CIV S-08-2810 KJN P, 2010 WL 4220535 (E.D. Cal. Oct. 20, 2010) (denying

3    defendants' motion to declare plaintiff a vexatious litigant because the court could not determine

4    at that juncture that there was no reasonable probability that plaintiff would not prevail against

5    any defendant).  Accordingly, the court will deny defendants' motion to declare plaintiff a

6    vexatious litigant.

7                                          **OTHER MATTERS**

8            Also pending before the court are two motions from plaintiff.  First, plaintiff has

9    filed a motion to strike defendants' reply in support of their motion to declare him a vexatious

10   litigant as untimely.  Defendants have filed an opposition to the motion.  After reviewing the

11   docket in this case, the court finds that defendants timely filed their reply within seven days of

12   receiving electronic notice that plaintiff had filed an opposition to their motion.  See Local Rule

13   230(l).  Accordingly, the court will deny plaintiff's motion to strike.

14           Plaintiff has also filed a motion for a court order requiring B.C. Williams, the

15   Litigation Coordinator at CMF, to supply him with information necessary to serve his amended

16   complaint on the executor of defendant Murray's estate.  According to plaintiff, the Litigation

17   Coordinator will not provide him with information about defendant Murray's executor or family

18   without a court order.

19           Plaintiff is advised that this court is unable to issue an order against individuals

20   who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research,

21   Inc., 395 U.S. 100, 112 (1969).  Moreover, as plaintiff acknowledges, the court previously

22   informed him that if he wished to proceed with his claims against defendant Murray, he would

23   have to provide the court with additional information that would enable the United States

24   Marshal to serve the estate of this deceased defendant.  The court instructed plaintiff to promptly

25   seek such information through any means available to him and cautioned him that if service of

26   the complaint was not made within 120 days of the filing of his complaint the court may be

required to dismiss his claims.  Here, plaintiff has not shown good cause for the failure to effect

service on the estate of defendant Murray.  Although plaintiff has had more than sufficient time

to provide the court with the additional information necessary to effect service, he has failed to

do so.  Accordingly, the court concludes that defendant Murray should be dismissed from this

action.  See Fed. R. Civ. P. 4(m).

**CONCLUSION**

IT IS HEREBY ORDERED that:

1.  Defendants' motion to declare plaintiff a vexatious litigant and require security
(Doc. No. 17) is denied;

2.  Defendants' request for judicial notice (Doc. No. 18) is granted;

3.  Plaintiff's motion to strike (Doc. No. 24) is denied; and

4.  Plaintiff's motion for a court order (Doc. No. 28) is denied.

IT IS HEREBY RECOMMENDED that defendant Murray be dismissed from this

action without prejudice.  See Fed. R. Civ. P. 4(m) and 41(b).

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, plaintiff may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2011.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stri0286.vex

7