1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GUY T. STRINGHAM,

11          Plaintiff,                    No. CIV S-09-0286 MCE DAD P

12      vs.

13   J. BICK, et al.,

14          Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on

18   behalf of defendants Andreason, Bick, Donahue, Khoury, Moreno, and Thomas.  Plaintiff has

19   filed an opposition to the motion, and defendants have filed a reply.

20                              **BACKGROUND**

21          Plaintiff is proceeding on an amended complaint against defendants Andreason,

22   Bick, Donahue, Khoury, Moreno, and Thomas.[1]  Therein, he alleges that the defendants have

23   violated his rights under the Eighth Amendment and the Americans with Disabilities Act

24   _____

25          [1] At screening, the court also found that plaintiff's amended complaint appeared to state
     cognizable claims for relief against defendant Murray.  However, it was later determined that
26   defendant Murray is deceased, and the court has since dismissed him from this action.

1

1   ("ADA") in connection with his transfer from a cell with tinted windows on the first floor of his

2   institution of incarceration to a dorm on the third floor of that institution without tinted windows.

3   According to plaintiff, he is not able to tolerate light for prolonged periods, he suffers from a

4   bowel and bladder condition requiring immediate access to a toilet at all times, and he is mobility

5   impaired.  In terms of relief, plaintiff requests monetary damages.  (Am. Compl. at 1-22.)

6                                    **DEFENDANTS' MOTION TO DISMISS**

7   I.  Defendants' Motion

8            Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, defense counsel

9   moves to strike portions of plaintiff's amended complaint, including his attached declaration,

10  exhibits, and all redundant and unnecessary portions of the complaint.  Defense counsel contends

11  that plaintiff's amended complaint is twenty-five pages long and includes minute and

12  unnecessary details and legal arguments.  Defense counsel notes that plaintiff has also included

13  an eleven-page declaration and 147 pages of exhibits.  Defense counsel does not seek dismissal

14  of this action but rather, asks the court to order plaintiff to file a second amended complaint in

15  compliance with the Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss at 2-4.)

16           Pursuant to Rule 12(b)(6), defense counsel also moves to dismiss plaintiff's ADA

17  claim on the grounds that it fails to state a cognizable claim.  As an initial matter, counsel argues

18  that plaintiff has not sued any of the defendants in their official capacity.  In addition, counsel

19  contends that plaintiff has failed to identify what service, program, or activity defendants have

20  deprived him of because of a disability.  In counsel's view, being confined in a cell rather than a

21  dormitory is not a service, program, or activity within the meaning of the ADA.  (Defs.' Mot. to

22  Dismiss at 2 & 4-5.)

23  II.  Plaintiff's Opposition

24           In opposition to defendants' motion, plaintiff argues that the pending motion to

25  dismiss does not address any of plaintiff's accusations against the defendants.  Plaintiff also

26  argues that, with respect to his ADA claim, the court already determined that his amended

1  complaint appears to state a cognizable claim for relief.  Plaintiff reiterates that the defendants

2  provided him with tinted windows and then illegally denied them to him.  In plaintiff's view, this

3  was a "service" for purposes of the ADA.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 2-3.)

4  III.  Defendants' Reply

5          In reply, defense counsel argues that the court should grant the pending motion to

6  dismiss because plaintiff's amended complaint is incomprehensible and confusing.  Counsel

7  contends that defendants have not moved to strike the complaint merely because of its length but

8  rather because plaintiff has included therein unnecessary and inappropriate factual allegations,

9  legal arguments, and unnecessary exhibits.  Counsel contends that the defendants would be

10  prejudiced by having to respond to the minute details in plaintiff's complaint.  (Defs.' Reply at 3-

11  4.)

12          Defense counsel also repeats the argument that plaintiff's amended complaint fails

13  to state a cognizable claim under the ADA.  According to counsel, under the ADA a

14  governmental entity is required to provide reasonable accommodations to allow handicapped

15  individuals to participate in the services which the governmental entity provides to non-

16  handicapped individuals.  Counsel argues that California state prisons do not offer tinted

17  windows to all inmates, so plaintiff has not been deprived of such windows because of a

18  disability.  (Defs.' Reply at 4-6.)

19                                              **ANALYSIS**

20  I.  Motion Pursuant to Rule 12(f)

21          Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from

22  a complaint "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

23  12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money

24  that must arise from litigating spurious issues."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d

25  880, 885 (9th Cir. 1983).  However, motions to strike are generally disfavored and "should not be

26  granted unless it is clear that the matter to be stricken could have no possible bearing on the

3

1  subject matter of the litigation."  Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal.

2  2005) (citation and quotation marks omitted).  See also Neilson v. Union Bank of Cal., N.A., 290

3  F. Supp. 2d 1101, 1152 (C.D. Cal 2003) ("Motions to strike are generally regarded with disfavor

4  because of the limited importance of pleading in federal practice, and because they are often used

5  as a delaying tactic").  Whether to grant a motion to strike is within the sound discretion of the

6  court, but the court must view the pleading in a light most favorable to the non-moving party and

7  resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving

8  party.  See In re 2TheMart.com, Inc. v. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

9          In this case, defense counsel contends that the court should strike the unnecessary,

10  confusing, and redundant portions of plaintiff's amended complaint and exhibits.  The court has

11  again reviewed plaintiff's amended complaint and disagrees with counsel's characterization of

12  the pleading.  Specifically defense counsel has not persuaded the court that any allegations or

13  exhibits in plaintiff's amended complaint have no bearing on the controversy before the court.

14  Nor has defense counsel shown that any specific portion of plaintiff's amended complaint is

15  irrelevant, scandalous, or casts a defendant in a cruelly derogatory light.  See In re

16  2TheMart.com, Inc., 114 F. Supp. 2d at 965.

17          The court finds that the pro se plaintiff's typed amended complaint in this action

18  is actually well-organized compared to many pro se complaints the court has reviewed.  Plaintiff

19  has specified who the defendants are and alleged with particularity what conduct they engaged in

20  which he claims violated his constitutional and federal statutory rights.  In addition, plaintiff has

21  clearly stated his claims by devoting a section of his complaint to his ADA claim and a separate

22  section of his complaint to his Eighth Amendment claim.  Plaintiff has also specified what relief

23  he seeks from each of the defendants.  Finally, although plaintiff has included a number of

24  exhibits in support of his allegations, he has made specific references to those exhibits

25  throughout his amended complaint and organized his attached exhibits with a table of contents.

26  Accordingly, contrary to defense counsel's claim, plaintiff's amended complaint does not violate

1   the Federal Rules of Civil Procedure and should not be stricken.  See Hearns v. San Bernardino

2   Police Dep't, 530 F.3d 1124, 1131 (9th Cir. July 1, 2008) (only a complaint that is "so verbose,

3   confused, and redundant that its true substance, if any, is well disguised" violates Rule 8).

4   I.  Motion Pursuant to Rule 12(b)(6)

5          A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

6   Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720

7   F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based

8   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

9   cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

10  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to

11  survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

12  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

13  raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.

14  544, 555 (2007).

15          In determining whether a pleading states a claim, the court accepts as true all

16  material allegations in the complaint and construes those allegations, as well as the reasonable

17  inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v.

18  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

19  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a

20  motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen,

21  395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,

22  unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643

23  F.2d 618, 624 (9th Cir. 1981).

24          In general, pro se pleadings are held to a less stringent standard than those drafted

25  by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

26  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

1   However, the court's liberal interpretation of a pro se complaint may not supply essential

2   elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

3   266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

4                    Title II of the ADA provides that:

5           no qualified individual with a disability shall, by reason of such
            disability, be excluded from participation in or be denied the
6           benefits of the services, programs, or activities of a public entity, or
            be subject to discrimination by such entity.
7

8   To establish a violation of the ADA, a plaintiff must show that: (1) he or she is a qualified

9   individual with a disability; (2) he or she was excluded from participation in or otherwise

10  discriminated against with regard to a public entity's services, programs, or activities, and (3)

11  such exclusion or discrimination was by reason of his or her disability. See Lovell v. Chandler,

12  303 F.3d 1039, 1052 (9th Cir. 2002).

13                   As an initial matter, defense counsel correctly observes that plaintiff has not sued

14  the defendants in the proper capacity for purposes of his ADA claim. Specifically, the term

15  "public entity" does not include individuals sued in their personal capacity. See Vinson v.

16  Thomas, 288 F.3d 1145 (9th Cir. 2002). However, a "public entity" does include prisons and

17  state officials sued in their official capacity. See Pa. Dep't of Corrs. v. Yeskey, 524 U.S. 206,

18  210 (1998); Lovell, 303 F.3d at 1051-52 ("the Eleventh Amendment does not bar [plaintiffs']

19  suits under Title II of the ADA"). Although plaintiff has not sued the defendants in their official

20  capacity, as defense counsel acknowledges, this omission is easily cured by allowing plaintiff to

21  amend his complaint if he wishes to proceed with respect to his ADA claim.

22                   In addition, the court notes that in his original complaint plaintiff included the

23  California Department of Corrections and Rehabilitation ("CDCR") and CMF as defendants. In

24  the court's initial screening order, the court informed plaintiff that the state had not waived its

25  Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court and

26  advised plaintiff that he should not name CDCR or CMF as defendants in any amended

1   complaint he elected.  In this way, the undersigned incorrectly led plaintiff to believe that he

2   could not proceed on his ADA claim against CDCR and CMF.  Therefore, the court finds good

3   cause to allow plaintiff to amend his complaint to re-name CDCR and CMF as defendants in this

4   action only with respect to his ADA claim.  In this regard, if these findings and

5   recommendations, plaintiff will be granted leave to file a second amended complaint to clarify

6   whether he wishes to sue the individual defendants in their official capacity for violations of the

7   ADA or instead re-name CDCR and CMF as a defendants in this action for purposes of his ADA

8   claim only.

9          Turning to the substance of plaintiff's allegations, at the pleading stage, the court

10  finds that plaintiff has otherwise sufficiently stated a claim under the ADA.  In his amended

11  complaint, plaintiff has alleged that defendants denied him appropriate housing based on his

12  disabilities.  The Ninth Circuit has broadly construed Title II of the ADA to bring within its

13  scope anything a public entity "does."  See Hason v. Medical Bd. of Cal., 279 F.3d 1167, 1172-

14  73 (9th Cir. 2002); Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001).  The Ninth

15  Circuit has also instructed the lower courts to focus "not so much on whether a particular public

16  function can technically be characterized as a service, program, or activity, but whether it is a

17  normal function of a governmental entity."  See Barden v. City of Sacramento, 292 F.3d 1073,

18  1076 (9th Cir. 2002).

19         Here, despite plaintiff's protests, the defendants allegedly transferred him from a

20  cell with tinted windows on the first floor of his institution of confinement to a dorm without

21  tinted windows on the third floor of that institution.  According to plaintiff, he is mobility-

22  impaired and unable to tolerate light for prolonged periods due to his condition.  Plaintiff also

23  alleges that he suffers from a condition requiring immediate access to a toilet at all times.  Given

24  that CDCR, CMF, and the defendants are required to provide plaintiff with adequate housing, the

25  court finds that plaintiff can state a plausible ADA claim based on denial of a service, program,

26  or activity.  See, e.g., Wride v. Fresno County, No. 1:05-cv-00486 AWI SKO PC, 2011 WL

7

1  4954159 at *4 (E.D. Cal. Oct. 18, 2011) ("Given that the County is required to provide housing,

2  including beds, for its inmates, the Court has little trouble concluding that at the pleading stage,

3  Plaintiff's allegations are sufficient to support a plausible ADA claim on the element of denial of

4  the benefit of services, programs, or activities.").

5                                                      **CONCLUSION**

6            For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

7            1. Defendants' motion to strike pursuant to Rule 12(f) (Doc. No. 44) be denied;

8            2. Defendants' motion to dismiss pursuant to Rule 12(b)(6) (Doc. No. 44) be

9  granted in part; and

10           3. Plaintiff be granted thirty days from the date of any order adopting these

11  findings and recommendations in which to file a second amended complaint clarifying whether

12  he is bringing this action against the individual defendants in their official capacity, against

13  CDCR and CMF or against both.

14           These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

16  one days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within seven days after service of the objections.  The parties are

20  advised that failure to file objections within the specified time may waive the right to appeal the

21  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: November 28, 2011.

23

24

25  DAD:9
    stri0286.57

26

                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE