IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

      Plaintiff,                       No. 2:09-cv-0286 MCE DAD P

   vs.

J. BICK, et al.,

      Defendants.               ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on plaintiff's motions to remove defense counsel and strike portions of the record, for sanctions, and to seal documents and/or for a protective order.

       In his motions, plaintiff takes issue with the fact that defense counsel arrived at plaintiff's deposition and informed him that he had reviewed all eight volumes of plaintiff's medical records. Plaintiff contends that defense counsel has no authority to review his medical records without his permission or a court order, and that any information defense counsel obtained at that deposition in connection with plaintiff's medical records should be stricken from the record. Plaintiff also contends that the court should seal all 853 pages of his prison medical records and/or issue a protective order that prevents defendants from using those medical records

1

1  in connection with this action.  Plaintiff also maintains that he will not respond to defendants'
2  cross-motion for summary judgment because defense counsel obtained the evidence in support of
3  the defendants' motion for summary judgment by illegitimate or improper means.

4  Plaintiff has cited no authority in support of his claim that defense counsel has
5  engaged in any misconduct by accessing plaintiff's prison medical records.  Insofar as plaintiff
6  believes that defense counsel has violated his right to privacy, plaintiff is advised that he waived
7  any right to privacy by putting his medical condition(s) at issue when he filed this civil rights
8  action claiming that his Eighth Amendment rights were violated by the conditions of his
9  confinement in light of his claimed medical condition and disability.  See Williams v. Barron,
10 No. CIV S-03-2044 LKK JFM P, 2007 WL 433120 at *1 (E.D. Cal. Feb. 5, 2007) (prisoner
11 plaintiff waived any privacy interest in his prison medical records when he pressed claims of
12 deliberate indifference to his serious medical needs, thereby placing his medical records at issue).

13 Insofar as plaintiff may believe that defense counsel has violated his right to due
14 process, he is advised that defense counsel has not infringed on any of plaintiff's life, liberty, or
15 property interests by accessing his medical records during the course of this litigation.  See
16 Thomas v. Carrasco, No. 1:04-cv-05793-MJS (PC), 2010 WL 4024930 at *3-4 (E.D. Cal. Oct.
17 13, 2010) (plaintiff failed to state a claim for a due process violation based on defendants
18 accessing his medical records) (and cases cited therein).

19 For these reasons, the court will deny plaintiff's motions and order him to file his
20 opposition to defendants' cross-motion for summary judgment within twenty-one (21) days.  If
21 plaintiff fails to file an opposition, the court will issue findings and recommendations addressing
22 defendants' motion for summary judgment as unopposed.

23 Accordingly, IT IS HEREBY ORDERED that:

24 1. Plaintiff's motion to remove defense counsel and strike portions of the record
25 (Doc. No. 64) is denied;

26 2. Plaintiff's motion for sanctions (Doc. No. 75) is denied;

3. Plaintiff's motion to seal documents and/or for a protective order (Doc. No. 83) is denied; and

4. Plaintiff shall file an opposition to defendants' cross-motion for summary judgment within twenty-one (21) days. If plaintiff fails to file an opposition, the court will issue findings and recommendations on defendants' motion without his opposition.

DATED: August 19, 2013.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stri0286.recs